UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MELISSA ANNE HARE,

    Plaintiff,

v.

SAGINAW CONTROL AND
ENGINEERING, INCORPORATED,

    Defendant.
    _____/

CASE NO. 06-CV-13309

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**ORDER FOR FURTHER PROCEEDINGS**

Plaintiff Hare's *pro se* complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, was filed on July 21, 2006. On July 31, 2006, U.S. District Judge David M. Lawson[1] granted Plaintiff's application to proceed *in forma pauperis* and referred the case to the undersigned Magistrate Judge for pretrial case management. The Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and directed service on Defendant Saginaw Control and Engineering. On August 29, 2006, counsel for Defendant filed an answer with affirmative defenses, the first of which states as follows:

> Plaintiff and Defendant are engaged in a current lawsuit involving identical facts to the instant lawsuit – being Case 06-60938-CL, Circuit Court for the County of Saginaw. Any determination, ruling or order emanating from the aforementioned Circuit Court action would have collateral estoppel or res judicata effect on the instant action.

(Dkt. 6, Aff. Def. ¶ 1.)

Federal and state courts have concurrent jurisdiction over Title VII claims. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 110 S. Ct. 1566, 108 L. Ed. 2d 834 (1990). Under

---

[1] Pursuant to Administrative Order 06-AO-027, this case was reassigned to United States District Judge Thomas L. Ludington on September 13, 2006. (Dkt. 7.)

the rule of *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976), a federal district court may stay or dismiss a suit when there is a concurrent state court proceeding and the stay or dismissal would promote "'wise judicial administration.'" *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952)).  This rule has come to be known the "Colorado River Doctrine." To determine whether the doctrine applies, the court must consider eight factors:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-07 (6th Cir. 2001) (quoting *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998)).  When considering these factors, a court must keep in mind that "the balance [is] heavily weighted in favor of the exercise of jurisdiction."  *Id.* at 207 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983)).  At this time, the Court lacks sufficient information to conduct the "careful balancing" of these factors that is required.  *Id.*  Therefore, **IT IS ORDERED** that the parties file briefs **on or before October 15, 2006**, addressing the question of whether this case should be stayed pursuant to the Colorado River Doctrine.

Review of this order is governed by 28 U.S.C. § 636(b)(1)(A) and E.D. Mich. LR 72.1(d)(1).  Pursuant to Local Rule 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

 s/ *Charles E. Binder*   
CHARLES E. BINDER  
United States Magistrate Judge

Dated: September 20, 2006

## **CERTIFICATION**

I hereby certify that this Order was electronically filed this date, electronically served on Robert Kendrick, and served on Melissa Anne Hare by first class mail..


Date:  September 20, 2006             By      s/Jean L. Broucek
                                      Case Manager to Magistrate Judge Binder